IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| NATIONAL ALLIANCE TO END HOMELESSNESS<br>1025 Vermont Avenue NW<br>Suite 1200<br>Washington, DC 20005, *and*<br><br>WOMEN'S DEVELOPMENT CORP.<br>861 A Broad Street<br>Providence, RI 02907,<br><br>   *Plaintiffs*,<br><br>v.<br><br>SCOTT TURNER, in his official capacity as Secretary of the United States Department of Housing and Urban Development<br>451 7th Street SW<br>Washington, DC 20410, and<br><br>UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT,<br>451 7th Street SW<br>Washington, DC 20410,<br><br>   *Defendants*. | Case No. 25-447 |

## DECLARATION OF FRANK SHEA

I, Frank Shea, declare the following under penalties of perjury:

   1.   My name is Frank Shea.

   2.   I have personal knowledge of the facts contained in this declaration. If called upon to testify, I could and would testify competently as to the truth of the facts in this declaration.

3. I am the Executive Director of the Women's Development Corporation (WDC), a nonprofit headquartered in Rhode Island that develops and operates quality, affordable housing for low- and moderate-income families, people with special housing needs, and seniors living in Rhode Island and surrounding states.

4. Among the range of affordable housing options that WDC operates are specialized projects offering permanent supportive housing (PSH) for people experiencing homelessness. These include: Willis Street Apartments, 30 units of PSH in New Bedford, MA serving people experiencing homelessness with a veteran preference; Dean Street Studios, 51 units of PSH in Providence, RI serving people experiencing homelessness.  We have units set aside in other developments providing service enhanced housing for special populations, including those with physical and developmental disabilities. The current WDC pipeline of developments includes 30 units of PSH for people experiencing homelessness in the West Warwick, RI area and 14 units of PSH for people experiencing homelessness while fleeing domestic violence in Providence, RI.

5. WDC is also a member of the National Alliance to End Homelessness (the "Alliance" or "NAEH"). Members of the WDC staff pay to attend and participate in Alliance conferences and frequently participate in other NAEH events, including trainings, discussions, and advocacy sessions. Additionally, WDC staff regularly accesses educational materials and critical industry updates from the NAEH newsletter, CEO Corner, and NAEH website to inform their work at WDC.

**WDC Previously Applied for a Continuum of Care (CoC) Builds Grant Under the May 2025 Notice of Funding Opportunity (NOFO)**

6. WDC has previously twice applied for grants funded by Congress's 2022 appropriation for construction or rehabilitation of permanent supportive housing—named "CoC Builds" grants. In particular, WDC applied to the 2024 NOFO and the May 2025 NOFO.

7. Most recently, WDC applied for a CoC Builds grant in response to a NOFO issued by HUD on May 16 2025. Applications under that NOFO were due on June 26, 2025.

8. WDC submitted an application under the May 2025 NOFO for funding to support the WDC CoC Builds FY25 project also known as West End III/Arch Street. The project is a scattered site 61-unit affordable housing development consisting of the recapitalization and repair of 47 existing family units and the construction of 14 new permanent supportive housing (PSH) units. All of the units are located in Providence, RI on property currently owned by a WDC affiliate.

9. The West End III/Arch Street project has received preliminary funding commitments for permanent financing from the 4% federal LIHTC program, Federal Historic Tax Credits, HOME funds, ARPA Predevelopment funds, and a first mortgage and Preservation Loan Fund award from Rhode Island Housing. Additional funding commitments have been secured in the form of a sponsor loan and pledge of deferred development fees. In aggregate, these funding awards and commitments provide over 75% of the funding for the project. The new construction of the 14 PSH units is proposed to be funded through a request of $7,012,160 of HUD CoC Builds grant funds, which includes

both capital expenditures and three years of operational support in the form of rental subsidies and supportive services provided by Sojourner House, the subrecipient.

10. The project exceeds the HUD CoC Builds match and leverage requirements as stated in the May 2025 NOFO. Additionally, the project has received all required regulatory approvals, is considered "shovel-ready", positioning it to comply with the requirement to enter into a grant contract with HUD by September 30, 2025 and to be occupied within the initial 2-year development period of the 5-year grant.

11. HUD received and reviewed applications in response to the May 2025 NOFO, selected recipients, and even notified Congress of whom the agency had selected for grant awards. WDC received notifications from the Office of Senator Jack Reed informing us that our grant application had been selected for funding on August 8, 2025. They mentioned that HUD had placed an "embargo" on any public announcement of the award until August 11. On August 11, 2025, Senator Reed's office issued a press release and social media announcing the award to WDC. However, the agency never notified WDC that it had won an award, nor did HUD execute a grant agreement with WDC.

12. On September 5, 2025, HUD issued a new NOFO without any advance warning. This NOFO not only included significant changes, but also imposed a one-week turnaround, specifically September 12, 2025.

13. WDC would not be able to meet this revised deadline due to the scale of the changes in the September 5, 2025 NOFO. The NOFO changed the target population from anyone meeting the HUD definition of homelessness to a new requirement to serve a population of 62 or with a physical disability and in a medical respite setting. This change would require a total redesign of the project—including redesign of the buildings and site—

requiring substantial time and cost for architectural and engineering services. This redesign would then require new regulatory approvals from the Providence planning and zoning boards, and potentially approvals from DEM, DOT, and the building and fire officials. A redesign would also trigger additional review from the Rhode Island Historical Preservation and Heritage Commission ("state historic") as part of the Section 106 review for new construction in a historic district. Additionally, the required certifications ask the applicant and the collaborative applicant to certify certain conditions for which they have no control and for which the city, county, and/or state do not currently meet. WDC would not be able to certify these conditions without substantial legislative changes requiring more than a week.

**HUD Imposes New Eligibility and Selection Criteria that Irreparably Deprives WDC of a Fair Opportunity to Compete for CoC Builds Funding**

14. The September 5, 2025 NOFO for the CoC Builds grant program has injured WDC by adopting new, unlawful criteria that deprives WDC of a fair opportunity to compete for the CoC Builds grant funds. Although WDC would like to submit an application under the September 5 NOFO, WDC is no longer eligible for funding under that NOFO's criteria for two reasons.

15. *First*, the September 5 NOFO establishes Jurisdictional Criteria that render WDC ineligible for reasons entirely outside of WDC's control. Namely, the NOFO provides that grant applicants are ineligible for funding if the proposed project is located in a jurisdiction that has adopted—or failed to adopt—certain policies. Specifically, a project is eligible for funding only if it is located in a jurisdiction that:

    a. Prohibits urban camping or loitering and enforces that prohibition (Camping Enforcement Jurisdiction Criteria);

5

    b. Prohibits open illicit drug use and enforces that prohibition (Drug Enforcement Jurisdiction Criteria);

    c. Prohibits urban squatting and enforces that prohibition (Squatting Enforcement Jurisdiction Criteria);

    d. Cooperates with federal immigration enforcement (Immigration Enforcement Jurisdiction Criteria);

    e. "Utilizes standards that address individuals who are a danger to themselves or others" (Involuntary Commitment Jurisdiction Criteria); and

    f. "Substantially implements and complies with SORNA, particularly in the case of registered sex offenders with no fixed address, including by adequately mapping and checking the location of homeless sex offenders" (SORNA Jurisdiction Criteria);

16. Applicants are thus ineligible if their proposed projects are located in any state that HUD would deem to fail to meet the Jurisdiction Criteria. While the vagueness of the criteria make it difficult to identify every jurisdiction that is excluded, the Department of Justice has compiled a list of "sanctuary jurisdictions" (which the Department has concluded are not cooperating with the federal government on immigration enforcement), as well as a list of jurisdictions that have not substantially implemented SORNA.

17. Under these Jurisdictional Criteria, WDC is no longer eligible for funding because its WDC CoC Builds FY25 project (also known as the West End II/Arch Street project) is located in Rhode Island, a state that is on both lists compiled by the DOJ.

Although WDC would like to compete for the CoC Builds funds under the September 5 NOFO, WDC cannot do so as a direct result of the Jurisdictional Criteria.

18. *Second*, the September 5 NOFO establishes unlawful Applicant Criteria that WDC is unable to meet, rendering WDC ineligible for funding.

19. Specifically, the NOFO has adopted a Sex Binary Merits Criterion that requires an applicant to state that it "does not and will not deny the sex binary in humans or promote the notion that sex is a chosen or mutable characteristic."

20. WDC cannot meet this requirement because we do not take gender or sex in consideration in hiring or providing services. WDC has several valued staff members who identify as transgender and/or non-binary, and we affirm the skills and value they bring to our work each day.

21. Absent preliminary relief, WDC will be irreparably harmed because it will be irretrievably deprived of the opportunity to compete for CoC Builds funds. The NOFO was published on September 5, applications are due on September 12, funds will be awarded to the first eight applicants who answer "yes" to certain criteria, and HUD intends to obligate funds by September 15.

22. Absent immediate relief, that application process will conclude in one day and the funds will be obligated to other recipients imminently, thus permanently depriving WDC of the opportunity to compete for the CoC Build funds.

**Not being able to compete for the HUD CoC Builds grant will harm the vulnerable communities that the CoC is intended to serve**

23. WDC affirms that irreparable injuries would be inflicted on the population that the CoC and the HUD Builds program is intended to serve. The grant funds, tentatively awarded in early August to WDC by HUD, are critical to the development,

7

construction, and operation of the 14 units of PSH, without which 14 households experiencing homelessness will remain unhoused. As housing is the critical first step to stabilizing these households, WDC and its partner service agencies will not be able to provide these life-saving interventions to these vulnerable households.

**Executed on September 11, 2025**

Frank Shea
**Executive Director**
**Women Development Corporation**

8