IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

NATIONAL ALLIANCE TO END
HOMELESSNESS., *et al.*,

    *Plaintiffs*,

v.

SCOTT TURNER, in his official capacity as
Secretary of the United States Department of
Housing and Urban Development, *et al.*,

    *Defendants*.

Case No. 25-447

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR A STAY OF CURRENT DEADLINES**

The Court should deny Defendants' motion for an indefinite stay of current deadlines in this case until Congress has restored appropriations to the Department of Justice. Defendants claim that a stay is necessary because, under the Antideficiciency Act, "[a]bsent an appropriation, Department of Justice attorneys and [Department of Housing and Urban Development] employees are prohibited from working, even on a voluntary basis, except in very limited circumstances."[1] ECF No. 20 at ¶ 2 (citing 31 U.S.C. § 1342). But this case can and should proceed notwithstanding the lapse in appropriations, for several reasons.

*First*, Defendants and DOJ counsel may continue working if otherwise "authorized by law." 31 U.S.C. § 1341(a)(1)(B). The Department of Justice interprets this provision (as DOJ has in past government shutdowns) to mean that DOJ attorneys must generally request a stay, but

---

[1] Defendants fail to mention that 89 percent of DOJ employees, including the majority of Civil Division employees, are already excepted from the furlough. U.S. Department of Justice FY 2026 Contingency Plan 2, 12 (Sept. 29, 2025), https://perma.cc/UNK2-F7SE.

1

"[i]f a court denies such a request and orders a case to continue, the Government will comply with the court's order, which would constitute express legal authorization for the activity to continue." U.S. Department of Justice FY 2026 Contingency Plan 3 (Sept. 29, 2025), https://perma.cc/UNK2-F7SE; *see also, e.g.*, U.S. Department of Justice FY 2019 Contingency Plan 3 (Sept. 11, 2018), https://perma.cc/W379-QS27.

Consistent with this understanding, courts regularly deny requests by the federal government to stay litigation deadlines due to a government shutdown. *See, e.g.*, *Rhode Island Coalition Against Domestic Violence v. Kennedy*, No. 25-cv-00342 (D.R.I. Oct. 1, 2025) (text order); *United States v. State of Rhode Island*, No. 1:14-cv-00175 (D.R.I. Oct. 2, 2025) (text order); *New York v. Kennedy*, 25-cv-00196 (D.R.I. Oct. 3, 2025) (text order); *Kornitzky Group, LLC v. Elwell*, 912 F.3d 637, 638-39 (D.C. Cir. 2019) (collecting cases); *FreeState Justice v. EEOC*, No. 25-cv-2482 (D. Md. Oct. 3, 2025) (ECF No. 23); *Am. Fed'n of Gov't Emps. v. Trump*, No. 3:25-cv-03698 (N.D. Cal. Oct. 3, 2025) (ECF No. 276).

*Second*, the Department of Justice has also long interpreted the Antideficiency Act to allow the performance of "unfunded functions that enable other funded functions to be executed." 19 U.S. Op. O.L.C. 337, 1995 WL 917146, *2 (1995); *see also* 5 U.S. Op. O.L.C. 1, 3 (1981). In this case, the Continuum of Care Builds grants at issue are funded. Congress appropriated $75 million for awards for new construction, acquisition, or rehabilitation of new permanent supportive housing" for individuals and families who are homeless. Pub. L. No. 117-328, 136 Stat. 4459, 5160 (2022). Though originally set to expire on September 30, 2025, those funds remain available for award pursuant to this Court's temporary restraining order. ECF Nos. 14, 18. Thus, Defendants have "authority to continue the administration of the program to the

extent of the remaining [grant] funding." 5 U.S. Op. O.L.C. at 3 n.7. Litigation over administration of that program can therefore likewise continue.

*Third*, a prolonged delay in the resolution of this matter would implicate the federal judiciary's core constitutional duty of hearing and deciding cases on a timely basis. *See Plaut v. Spendthrift Farm, Inc.*, 514 U.S. 211, 218 (1995) ("Article III establishes a 'judicial department' with the 'province and duty ... to say what the law is' in particular cases and controversies. The record of history shows that the Framers crafted this charter of the judicial department with an expressed understanding that it gives the Federal Judiciary the power, not merely to rule on cases, but to decide them." (cleaned up)). This duty is particularly notable in this matter given that Plaintiffs press constitutional claims, and construing Congress's failure to enact an appropriations bill as precluding judicial review of those claims would pose a grave constitutional question. *See, e.g.*, *Webster v. Doe*, 486 U.S. 592, 603 (1988) (noting "the serious constitutional question that would arise if a federal statute were construed to deny any judicial forum for a colorable constitutional claim" (cleaned up)).

For these reasons, Plaintiffs respectfully request that the Court deny Defendants' motion to stay and that it maintain all current deadlines.

October 6, 2025

Respectfully submitted,

*/s/ Kristin Bateman*
Kristin Bateman (D.C. Bar No. 90037068)^
Yenisey Rodriguez (D.C Bar No. 1600574)^
Kristen Miller (D.C. Bar No. 229627)^
Robin F. Thurston (D.C. Bar No. 1531399)^
Democracy Forward Foundation
P.O. Box 34553
Washington, D.C. 20043
(202) 448-9090
kbateman@democracyforward.org
yenisey.rodriguez@democracyforward.org

consultantkmiller@democracyforward.org
rthurston@democracyforward.org

Antonia K. Fasanelli (DC Bar No. 481856) ^
National Homelessness Law Center
1400 16th Street, NW, Suite 425
Washington, DC  20036
(202) 638-2535
afasanelli@homelesslaw.org

Amy R. Romero (RI Bar # 8262)
Kevin Love Hubbard (MA Bar #704772)^
DeLuca, Weizenbaum, Barry & Revens, Ltd.
199 North Main Street
Providence, RI 02903
(401) 453-1500
Amy@dwbrlaw.com
Kevin@dwbrlaw.com
Cooperating counsel, Lawyers' Committee for RI

Lynette Labinger (RI Bar No. 1645)
128 Dorrance St., Box 710
Providence, RI 02903
(401) 465-9565
ll@labingerlaw.com
Cooperating counsel, ACLU Foundation of RI

*Counsel for Plaintiffs*

^ Admitted pro hac vice

## CERTIFICATE OF SERVICE

I hereby certify that I filed the within document, and all attached supporting documents, via the ECF system on the 22nd day of September, 2025, that these documents are available for viewing and downloading to all counsel of record.

/s/ Kristin Bateman
Kristin Bateman