UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| NATIONAL ALLIANCE TO END HOMELESSNESS, *et al.*,<br><br>*Plaintiffs*,<br><br>*v.*<br><br>SCOTT TURNER, *et al.*,<br><br>*Defendants*. | Case No. 25cv447-MSM-AEM |

**REPLY IN SUPPORT OF MOTION FOR A STAY OF CURRENT DEADLINES
IN LIGHT OF LAPSE OF APPROPRIATIONS**

The Government hereby files this reply memorandum to respond to Plaintiffs' opposition to its motion to stay. In support of its stay motion, the Government makes three points.

*First*, as previously noted, ECF No. 20, the Anti-Deficiency Act requires that absent an appropriation, Department of Justice attorneys and employees of the Defendant agencies are prohibited from working, even on a volunteer basis, "except for emergencies involving the safety of human life or the protection of property." 31 U.S.C. § 1342. The Act specifically states that "the term 'emergencies involving the safety of human life or the protection of property' does not include ongoing, regular functions of government the suspension of which would not imminently threaten the safety of human life or the protection of property." *Id.* Defendants respectfully submit that preparing an Administrative Record and conducting briefing on forthcoming cross-motions for summary judgment—after this Court has already entered a temporary restraining order that will remain in effect until further order of this Court, ECF No. 18—does not constitute such an emergency.

To be clear, Defendants recognize that if this Court orders otherwise, they will be required to—and will—comply with this Court's order. *See* ECF No. 21, at 2. But that fact does not render the Anti-Deficiency Act a nullity that can be overridden as a matter of course without consideration of the applicable statutory factors. *See, e.g.*, *Rubin v. Islamic Rep. of Iran*, 583 U.S. 202, 213 (2018)

1

(noting that "one of the most basic interpretive canons . . . is that a statute should be construed so that effect is given to all its provisions, so that no part will be inoperative or superfluous, void or insignificant.") (quoting *Corley v. United States*, 556 U.S. 303, 314 (2009)). For that reason, a number of district courts have granted stays of non-emergency civil litigation during the length of the lapse in appropriations. *See, e.g.*, In re: Certain Matters Pending Before the United States District Court for the Western District of Pennsylvania Relative to the Lapse of Appropriations of October 1, 2025, Misc No. 25-mc-1098 (W.D. Pa. Oct. 3, 2025); General Order Holding in Abeyance Civil Matters Involving the United States as a Party, Am. Gen. Order 25-0024 (N.D. Ill. Oct. 2, 2025); In re: Stay of Civil Proceedings Involving the United States in Light of Lapse of Appropriations, Standing Order No. 25-55 (JEB) (D.D.C. Oct. 1, 2025). Here, the Anti-Deficiency Act's factors are not satisfied, nor have Plaintiffs attempted to show that such an emergency is present. *See generally* ECF No. 21.

*Second*, Plaintiffs are wrong to suggest that merely because the FY25 Continuum of Care Builds grants are funded with previously appropriated dollars, that means that all activities in some way related to those funds are authorized during a lapse of appropriations. *Id.* The authority they cite speaks to whether an agency can "continue the administration of a [funded benefits] program to the extent of the remaining benefit funding." *See* 43 U.S. Op. Atty. Gen. 293, 298 n.7 (1981). But regardless of that authority, this is not a situation where Department of Justice and the Department of Housing and Urban Development are "continu[ing] the administration" of those grants; rather, this is litigation about the conditions applicable to Notice of Funding Opportunity for those grants. This is an entirely distinguishable situation.

*Third*, to the extent Plaintiffs assert that a "prolonged delay in the resolution of this matter . . . would pose a grave constitutional question," ECF No. 21, at 3, that fear is speculative. There has been no "prolonged delay," and to the extent this lapse in a manner that Plaintiffs believe has violated their constitutional rights, they may bring an appropriate action in the appropriate context (including a motion to lift a stay for good cause shown). And in any event, to the extent that

Plaintiffs argue that the Anti-Deficiency Act is itself unconstitutional, they have not adequately presented or briefed that weighty question.

Dated: October 7, 2025

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General, Civil Division

JOSEPH E. BORSON
Assistant Branch Director
Federal Programs Branch

JOSHUA N. SCHOPF
Trial Attorney

United States Department of Justice
Civil Division, Federal Programs Branch
1100 L St. NW
Washington, DC 20005
(202) 514-6304
joshua.n.schopf@usdoj.gov

*/s/ Kevin Bolan*
KEVIN BOLAN
Assistant United States Attorney
One Financial Plaza, 17th Floor
Providence, RI 02903
(401) 709-5000
kevin.bolan@usdoj.gov

*Counsel for Defendants*

## CERTIFICATION

I certify that on October 7, 2025, I filed this document and its attachments through the Court's ECF system, thereby electronically serving all parties of record in this action.

*/s/ Kevin Bolan*
KEVIN BOLAN
Assistant United States Attorney